BOLIN, Judge.
William E. Dowden, d/b/a Dowden Roofing & Metal Company, sub-contractor, brought this action against A. H. Ettredge, d/b/a Tony Ettredge Construction Company, to collect $753.23, the balance allegedly due for the consummation of work performed under two roofing contracts on school buildings in Catahoula Parish, Louisiana. Also impleaded as defendant was Maryland Casualty Company, surety for Ettredge, the general contractor. Defendant Ettredge answered, denying the work was completed according to plans and specifications and reconvened for $2500 which he alleges he will have to expend to complete the roofing work according to the contract. Maryland Casualty answered denying liability on the same grounds alleged in defendant’s answer and reconven- *625 tional demand. The lower court rendered judgment in favor of plaintiff and defendant Ettredge appeals.
The two schools upon which the work was performed are referred to as Jones-ville Elementary and Central High at Larto Lake. Both jobs have been accepted by the school board and by the architect, nevertheless Ettredge contends some of the work will have to be re-done and that the school board will hold him responsible. Specifically, he alleges on appeal:
“1. The Court erred in finding that the plaintiff, Dowden, had performed or substantially performed the fulfillment of the contract that he had entered into with regard to defendant, particularly as to the manner in which he installed a gravel guard on the roof of the buildings contracted for.
“2. The Court erred in failing to find that defendant was not entitled to judgment, on his reconventional demand, against plaintiff, for the cost of installing properly a gravel guard, in accord with plans and specifications and as had been originally outlined by the architect.”
Defendant, plaintiff in reconvention, specified in his reconventional demand that plaintiff’s performance was deficient in three particulars:
“(a) A metal pitch dam was not provided and installed in accordance with the plans and specifications referred to heretofore.
“(b) The gravel guard installed by plaintiff was not made and installed in accord with plans and specifications.
“(c) Gravel placed on the roof was thin in several places and some of the gravel was too large.”
The only one of the above three complaints re-urged on appeal was the second, (b), concerning gravel guards.
The case presents primarily factual questions, i. e., whether plaintiff has proved by a preponderance of evidence he satisfactorily performed his contract with Ettredge and, if not, has defendant proved his demand in reconvention?
The two contracts under which plaintiff performed the roofing work were made part of the record. The first was for the contract price of $3,640 and the second for $3,891. These sums have been paid to plaintiff, except for a 10% retainage over which this contest arose. Defendant does not deny that the architect and the school board have accepted the work, but claims that Dowden has not performed the work to his [defendant’s] satisfaction and refuses to pay the retainage until he is sure “the work is completed so that it won’t come back on him”.
There is a great deal of conflicting testimony. H. H. Land, architect on the two contracts, testified he had signed and filed the acceptance of the additions for the school board on July 31, 1968, which acceptance was filed for record in Catahoula Parish. At that time, the architect furnished a checklist of items to be remedied, all of which applied to fixtures unconnected with the roof.
There are some letters filed in evidence indicating that after the above acceptance the architect notified Ettredge of complaints about the roof and gravel guard. Ettredge in turn wrote to Dowden demanding that corrective work be accomplished before the date on which the school was to be readied for occupancy.
Claude Luttrell, draftsman for the architect, testified he inspected the completed roof; that portions of the gravel guards were cut away and inspected to ascertain the condition of this work which, he concluded, had been done “pretty well according to our plans and specifications”.
Dowden testified that after the heater vents were in and gravel guards installed, his crew went back and reworked the areas where it was alleged the tar had leaked through; that defendant accompanied his workmen and initialed the punch list as “acceptable” on July 31, 1969.
*626 At the conclusion of the trial the district judge dictated his reasons for judgment into the record. After outlining the nature of the case and commenting upon various aspects of the evidence, he concluded:
“ * * * Therefore, the Court rules that the preponderence of the evidence has been that Plaintiff has completed his work, which in turn was accepted by the Architect, which in turn is a matter which the defendant, the main contractor, would have the right as far as the subcontractor’s work was concerned, to full payment. And now that the proper time has gone by, the plaintiff is entitled to recover his money, that is the $753.23. % * %
While the evidence is confusing, as well as conflicting, we find the record supports the lower court’s conclusion that plaintiff had substantially performed his sub-contract. We are further convinced plaintiff in reconvention has failed to prove he has suffered, or will suffer in the foreseeable future, any damage for which this court could make an award on his recon-ventional demand.
The judgment is affirmed at appellant’s cost.